**Zaiyi LIANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–74022.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 12, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Zaiyi Liang, Monterey Park, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Donald A. Couvillon, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Zaiyi Liang, a native and citizen of the People's Republic of China, petitions pro se for review of a per curiam order of the Board of Immigration Appeals dismissing Liang's appeal from an immigration judge's denial of his application for asylum and withholding of removal.

Because neither the immigration judge nor the Board addressed whether Liang established that he had a well-founded fear of persecution warranting asylum, and because the Board did not address whether Liang established a clear probability of persecution if returned to China, we agree with the government that remand to the Board is warranted to address those questions. *See Gonzales v. Thomas,* —— U.S. ——, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (requiring remand to the Board where the agency did not consider a question whose resolution may render the petitioner eligible for relief); *INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (requiring remand to the Board where the immigration judge, but not the Board, addressed the question whose resolution could result in relief).

To the extent Liang requests that this court resolve outright the wellfounded-fear and clear-probability questions, we lack authority to do so in the first instance. *Thomas, supra; Ventura, supra.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We also agree with the government that, in light of the Board's apparently-mistaken characterization of the record regarding Liang having "had no problems with the government looking for him" after he moved to another city, the Board should, on remand, reconsider its decision that Liang, whom the immigration judge deemed credible, did not establish the requisite past persecution to render him eligible for asylum. We express no opinion on whether Liang did establish the requisite past persecution, a decision the Board should make upon its review of the record on remand.

**PETITION FOR REVIEW GRANTED IN PART; CASE REMANDED TO THE BOARD OF IMMIGRATION APPEALS.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.